CAPITOL CLEANERS & DYERS, Inc., v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 5551. Decided January 12, 1935. (39 P. [2d] 681.)

*F. A. Trottier,* of Salt Lake City, for plaintiff.

*Joseph Chez,* Attorney General, and *McCullough & Callister,* of Salt Lake City, for defendants.

EPHRAIM HANSON, Justice.

We are asked by the petitioner to review a decision of the Industrial Commission awarding to the dependents of Randolph Reusser, who suffered a fatal accident while engaged in certain work for which he had been employed by

the Capitol Cleaners & Dyers, Inc., a Utah corporation, compensation for such death.

Two reasons are urged upon us why the award should be annulled: (1) The deceased was an independent contractor; and (2) that the employment was merely casual and the accident did not occur in the usual course of the company's business.

The business of the Capitol Cleaners & Dyers, Inc., is the cleaning and dyeing of wearing apparel. It maintains in Salt Lake City its place of business, one of the appurtenances of which is a smokestack. Just prior to the day upon which the accident occurred, the management of the company, for reasons deemed conducive to the accomplishment of its purposes and to promote its business, decided to have painted the stack and certain radiators and pipes which from time to time required that treatment. To these ends, Reusser was employed. No estimate of the costs or of the time was submitted by him, nor was any called for by the company. All tools, equipment, and supplies were furnished by the company. It was agreed that payment should be at an hourly rate. In all respects, except as to the actual mechanics of painting, the work was to be done under the supervision and subject to the direction of the employer. This is true to a degree unusual in the most dependent employee.

Mrs. LaDuke, the manager of the company, testified that deceased had done painting and patching work for the company before on the same conditions; that the company directed the manner in which the work he was doing should be done, and that it retained the right to discharge him at any time; and that, in so far as supervision was concerned, deceased was acting as any employee of the company.

The work to be accomplished being in furtherance of and necessary to the business in which the company was engaged, the employment was not casual within the meaning of R. S. Utah 1933, 42-1-41. Since the work was to have been done under the supervision and subject to the direc-

tion of the employer, Mr. Reusser, with respect thereto, was not an independent contractor within the intent and meaning of R. S. Utah 1933, 42-1-40.

The award, therefore, should be, and hereby is, affirmed.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and MOFFAT, JJ., concur.