[Civ. No. 29299. First Dist., Div. One. Mar. 29, 1972.]

SAMUEL ERNEST FITCH, Plaintiff and Appellant, v.
THE JUSTICE COURT FOR THE ANDERSON VALLEY JUDICIAL
DISTRICT OF MENDOCINO COUNTY et al.,
Defendants and Respondents.

## Counsel

Leo M. Cook for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Victor D. Sonenberg, Deputy Attorney General, for Defendants and Respondents.

## Opinion

**THE COURT.**—Samuel Ernest Fitch, the appellant herein, was convicted of drunk driving by the Justice Court of Anderson Judicial District, County of Mendocino, on two occasions within seven years, the first conviction being on July 19, 1968, and the second on October 27, 1969. Upon receipt of court abstracts of those convictions, the Department of Motor Vehicles issued an order suspending his driver's license for one year, pursuant to the provisions of Vehicle Code, section 13352, subdivision (c).

On March 4, 1970, the appellant filed a petition for writ of mandate in the Superior Court of Mendocino County, naming the justice court and the Department of Motor Vehicles as respondents. By this petition the appellants sought a peremptory writ of mandate commanding the justice court to vacate and set aside the aforementioned convictions, and commanding the Department of Motor Vehicles "to set aside and revoke its order of suspension, upon the setting aside and revoking" of the convictions in the justice court. The petition was denied and we now have before us an appeal from that order.

The relief sought in the petition was based upon an allegation that appellant had not been advised of, and had not knowingly and expressly waived his privilege against compulsory self-incrimination, his right to a trial by jury, his right to confront his accusers, and his right to be advised of the nature of the charges and consequences of a guilty plea, in accordance with the requirements of *Boykin* v. *Alabama,* 395 U.S. 238 [23 L. Ed.2d 274, 89 S.Ct. 1709] and *In re Tahl,* 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]. In an order denying the petition the court stated that it had no doubt that the *Boykin* and *Tahl* standards applied to felonies, but it did not believe they applied to misdemeanors and situations such as presented in this case.

On this appeal the only conviction challenged by appellant is the one on October 27, 1969 in which he entered a plea of guilty to misdemeanor

drunk driving in violation of Vehicle Code, section 23102, subdivision (a). Respondents concede in their brief that *Boykin* and *Tahl* standards apply to misdemeanors, but they argue appellant was fully aware of his rights, and that his plea of guilty was the expression of his "well-informed, rational consideration of the alternatives and consequences."

If we were to reach the merits of the issues raised on this appeal, we would be inclined to hold that the rules established by *Boykin* and *Tahl* also apply to misdemeanor cases, and that, on the basis of the record before us, the challenged conviction should be vacated because the records of the justice court do not show an express waiver of constitutional rights by the appellant. (See *In re Smiley,* 66 Cal.2d 606 [58 Cal.Rptr. 579, 427 P.2d 179].) But we find ourselves unable to reach those issues.

■ A mandate proceeding for the purpose of determining the validity of a conviction will not lie against the Department of Motor Vehicles because that agency is not empowered to make such a judicial determination. (*Thomas* v. *Department of Motor Vehicles,* 3 Cal.3d 335 [90 Cal.Rptr. 586, 475 P.2d 858].) ■ Nor will mandate lie to perform a future duty if no present duty to perform exists. (*Treber* v. *Superior Court,* 68 Cal.2d 128, 134 [65 Cal.Rptr. 330, 436 P.2d 330].) The denial of the petition for a writ of mandate insofar as it was directed against the Department of Motor Vehicles was therefore proper.

■ Before seeking mandate to compel action by a trial court, a party should first request the lower court to act. If such a request has not been made, the writ ordinarily will not issue unless it appears that the demand would have been futile. (*Phelan* v. *Superior Court,* 35 Cal.2d 363, 372 [217 P.2d 951].) In *Neal* v. *State of California,* 55 Cal.2d 11, at page 16 [9 Cal.Rptr. 607, 357 P.2d 839], the court stated:

"Although a writ of mandamus may issue to vacate a judgment entered by a court that lacked jurisdiction, a motion to vacate such judgment must first be made in the court that entered the judgment, and a denial of such motion must be appealed in the regular manner. [Citation.]"

Since the attack upon appellant's 1969 conviction was upon constitutional grounds, he could have sought to have the justice court set aside the conviction at any time. If he had been successful in that court, a copy of its judgment setting aside the conviction would have been forwarded to the Department of Motor Vehicles. If the justice court had refused to take the requested action, appellant could then have petitioned the superior court for mandate against the justice court. (*Thomas* v. *Department of Motor Vehicles, supra,* at p. 338.) While we note that *Thomas* can be read as authorizing a direct attack upon the conviction in the rendering court, or

alternatively, a proceeding by mandate in the superior court against the rendering court, *Thomas* contains no express disapproval of *Neal*, which requires that a motion to vacate a judgment must first be made in the court which rendered the judgment. We therefore read *Thomas* as holding that the alternative procedure by mandate is only available if the rendering court has first refused to act.

The petition for a writ of mandate filed in the superior court in this case contains no allegation that relief from the judgment had first been sought in the justice court, nor is there any such indication in the record. Furthermore, we find no basis for holding that it would have been futile to seek such relief. Although a letter from the judge of the justice court was introduced in evidence in the superior court, that letter merely recited his recollection of the proceedings before him. It does not indicate that a motion to vacate the 1969 conviction was ever submitted on the basis of the *Boykin* and *Tahl* decisions, or that he would have denied such a motion if it had been presented.

The Department of Motor Vehicles having been improperly joined as a party respondent in the superior court and appellant having failed to make a motion to vacate the judgment of conviction in the court which had rendered the judgment, the order denying a peremptory writ of mandate is affirmed.