[Crim. No. 6577. Third Dist. July 13, 1972.]

In re RONALD GANNON on Habeas Corpus.

**COUNSEL**

Malone & Stroud and John V. Stroud for Petitioner.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Charles P. Just and Gregory W. Baugher, Deputy Attorneys General, for Respondents.

**OPINION**

**JANES, J.**—Upon petitioner's application to this court for writs of habeas corpus, prohibition, and mandamus, we issued an order to show cause for the purpose of determining whether *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449], and *In re Sutherland* (1972) 6 Cal.3d 666 [100 Cal.Rptr. 129, 493 P.2d 857], are applicable to a plea of nolo contendere entered by petitioner to a charge of disturbing the peace, a misdemeanor (Pen. Code, § 415). All issues raised by the petition may be

determined by treating it solely as one for habeas corpus; accordingly, we do so.

## THE RECORD

On November 30, 1970, in the Justice Court of the Amador Judicial District, petitioner appeared with counsel and entered the nolo contendere plea. Upon motion of the district attorney, pursuant to a plea bargain, charges of resisting a public officer (Pen. Code, § 148) and battery (Pen. Code, § 242) were dismissed. Petitioner was sentenced to 180 days in jail; execution of the sentence was suspended; and he was placed on three years probation. Neither the justice court minutes nor the written order granting probation, which are the only record of the plea and sentencing, contain any indication either that petitioner was advised of and expressly waived any constitutional right or that he was informed of and understood the nature of the section 415 charge and the consequences of his plea.

At a hearing conducted in the justice court on October 26, 1971, petitioner (appearing without counsel) was found to be in violation of probation, probation was revoked, and petitioner was remanded to the custody of the sheriff to serve the 180 days. An oral motion to set aside the plea was denied on October 27. The 180-day sentence was in excess of that authorized by section 415, which provides that a person guilty of disturbing the peace "shall be punished by a fine not exceeding two hundred dollars, or by imprisonment in the county jail for not more than ninety days, or by both fine and imprisonment . . . ." On November 1, 1971, the justice court modified its order revoking probation and ordered that petitioner "be confined in the Amador County Jail for a term of 90 days to begin October 26, 1971 [the date probation was revoked]." On November 2, the court denied petitioner's request for a certificate of probable cause (Pen. Code, § 1237.5).

On February 14, 1972, petitioner filed a petition for a writ of habeas corpus in the Amador County Superior Court. Neither petitioner nor the Attorney General has informed us of the reason why petitioner had not completed service of his modified sentence by February 14; the justice court record suggests, however, that he was released on bail pending appeal (Pen. Code, § 1272, subd. 2). The record is silent as to the status of any such appeal.

On March 31, 1972, at the superior court hearing on the petition for a writ of habeas corpus, testimony was given by the justice court judge who had presided at the plea and sentencing in 1970.[1] The judge testified that

---

[1]The sentencing judge had retired prior to the time his successor revoked probation and modified the 180-day commitment.

on November 30, 1970, before accepting the plea, "I said [to petitioner], 'You have been charged with violation of Section 148, 242 and 415 of the Penal Code. Do you understand the nature of these charges?' And he answered in the affirmative. I said, 'You are entitled to a trial on these charges either by a Jury or by the Court sitting without a Jury. You may subpoena any witnesses you might have in your behalf. You may question any who might appear against you. You are represented by counsel and at this time I can assume that you have been informed of your rights but I am heretofore informing you again in open court. At this time you may enter a plea. You may enter a plea of not guilty, nolo contendere or guilty. A plea of nolo contendere carries the same punishment. Now, if your plea is not guilty the Court will set a time and date for your trial. If your plea is guilty then you are subject to all the penalties of the law. Do you understand your rights as I have given them to you?' And he answered in the affirmative."

The justice court judge further testified in superior court that his foregoing statements—made in the presence of defense counsel—constituted his entire remarks to petitioner prior to taking the plea; that no written or stenographic record of those remarks had been made; that he "didn't ask him if he gave up this right or that right or anything like that . . ."; that he did not ask petitioner whether petitioner understood the maximum penalty that could be imposed for violation of section 415; that, at the time of the habeas corpus hearing, he felt very sure that petitioner had been aware of the maximum penalty, petitioner "having been before me so many times"; that the 180-day sentence was not part of the plea bargain; and that he had imposed the 180-day sentence even though he knew at the time of sentencing that the maximum lawful jail commitment under section 415 was 90 days.

Petitioner's defense counsel at the plea and sentencing was not the same attorney who had represented petitioner on the motion to set aside the plea, in the writ proceedings in superior court, and here. The affidavit of the original attorney was filed in superior court in opposition to the petition there. In his affidavit, the attorney alleged that "[petitioner's] plea of nolo contendere to violation of Section 415 of the Penal Code was made by [petitioner] after having been fully advised *by me* of his rights against compulsory self-incrimination, trial by jury, confrontation of adverse witnesses, the right to compel the attendance of witnesses favorable to his cause, and of the nature and consequences of his plea of nolo contendere." (Italics added.) The affidavit also set forth the attorney's opinion that "the 180-day sentence is in fact irrelevant" because, if the plea bargain had not been made, petitioner "was facing [three different charges and] a certain

six months in the County Jail because of his past criminal record, violent behavior and general contempt for the law."

The superior court denied the habeas corpus petition on April 14, 1972, but stayed execution of the justice court sentence for 15 days. On April 27, 1972, after the commencement of the writ proceeding in this court, we stayed execution of the sentence pending our further order. Under all the circumstances, it seems clear that petitioner is in constructive custody, and no issue is made by the Attorney General of the absence of any clear-cut allegation to that effect in the petition filed in this court.

## DISCUSSION OF CONTENTIONS

### I

 In *In re Tahl, supra,* 1 Cal.3d 122, our state Supreme Court analyzed the United States Supreme Court's decision in *Boykin* v. *Alabama, supra,* 395 U.S. 238. The *Tahl* opinion concluded that, as a matter of federal constitutional law, *Boykin* makes clear that a plea of guilty cannot stand unless the record contains *on its face* direct evidence that the privilege against compulsory self-incrimination, as well as the rights of confrontation and to trial by jury, were specifically and expressly enumerated for the benefit of and waived by the accused prior to acceptance of his guilty plea. *Boykin* also demands—as explained in *Tahl* —that the face of the record contain direct evidence that the accused before pleading was aware, or made aware, of the nature of the charge and the consequences of his plea. (1 Cal.3d at pp. 130-133; see also *People* v. *Rizer* (1971) 5 Cal.3d 35 [95 Cal.Rptr. 23, 484 P.2d 1367].) For these purposes, "[m]ere inferences, however plausibly drawn, are insufficient." (*Id.* at p. 38.)

Petitioner's plea of nolo contendere was entered on November 30, 1970, one year subsequent to *Tahl.* On February 22, 1972, in *In re Sutherland, supra,* 6 Cal.3d 666, the court held that, insofar as *Boykin* and *Tahl* involved the three specified rights surrendered by a guilty plea,[2] those two cases govern guilty pleas which result from plea bargains. The *Sutherland* opinion made clear that *it was not requiring a new procedure,* but was merely following the demands of *Boykin* and *Tahl. Sutherland* disapproved a Court of Appeal decision (*People* v. *Catalano* (1971) 19 Cal. App.3d 83 [96 Cal.Rptr. 349]) which, "in conflict with the *Boykin-Tahl* . . . rulings, inferred enumeration and waiver of the defendant's rights from the mere circumstance of the entry of the guilty plea after a plea bargain"; and *Sutherland* further said, "*Tahl* may not plausibly be read

---

[2]*Sutherland* did not address itself to a record silent as to the defendant's understanding of the nature of the charge and the consequences of his plea.

as holding that a guilty plea is validly entered where . . . the record is devoid of an affirmative showing that the three rights enumerated by *Boykin* were known to and waived by the defendant. The thrust of the opinion is precisely to the contrary." (6 Cal.3d at p. 670.)

*Sutherland* reasoned: "There is no assurance that a defendant who pleads guilty after a plea bargain is more aware of the specific rights he renounces by virtue of that plea than one who pleads guilty in the absence of a bargain. While the bargaining defendant derives some benefit from the entry of his plea, his need to be informed of the rights he is surrendering is no less crucial than that of the defendant whose plea has not been reached via a bargain. In this context the process by which the defendant concludes to plead guilty is not the significant element; it is the guilty plea that compels adherence to the mandate of *Boykin*. . . . [T]he great majority of criminal cases are disposed of by pleas of guilty, and a substantial number of these pleas are the result of prior bargaining between the prosecutor and the defendant or his attorney. If the *Boykin-Tahl* requirements do not apply because a guilty plea is entered pursuant to a bargain, the rule set forth in those cases would have a drastically circumscribed effect." (6 Cal.3d at p. 671.)

## II

The Attorney General, emphasizing that "the plea entered by petitioner . . . was nolo contendere, and not a guilty plea," argues that "[s]ince this plea does not involve an admission of guilt but is only a statement that the accused does not wish to contest the charge against him, there is no requirement that the accused be informed of his right against self-incrimination."

The argument is not persuasive. Penal Code section 1016 provides that "[t]he legal effect of [a plea of nolo contendere] *shall be the same as that of a plea of guilty,* but the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." (Italics added.) The Attorney General's assertion that "this plea does not involve an admission of guilt" employs too broad a brush. The nolo plea *is* such an admission for the purposes of the particular prosecution. "In reviewing the history of *nolo contendere* pleas, the authorities are harmonious in holding that such a plea, like a demurrer, admits for the purpose of the particular case, all the facts therein stated, but is not to be used as an admission elsewhere. Such a plea is an implied confession only of the offense charged . . . . *Tucker* v. *United States,* 196 F. 260 . . . , is authority for the statement that the

plea of *nolo contendere* is in fact a confession on which a defendant may be sentenced in a particular prosecution, and as the plea is limited to that particular case, such conviction can not be used in another proceeding to discredit the witness; then in *State* v. *Suick,* 195 Wis. 175 [217 N.W. 743], we find the following: 'The plea of *"nolo contendere"* is an implied confession. Judgment of conviction follows such a plea as a matter of course, yet the plea itself contains no admissions which can be used against the defendant in another action.' Strictly speaking, therefore, the plea of *nolo contendere* amounts only to an agreement on the part of the defendant that the fact charged may be considered as true for the purposes of the particular case wherein it is entered . . . ." (*Caminetti* v. *Imperial Mut. L. Ins. Co.* (1943) 59 Cal.App.2d 476, 490-491 [39 P.2d 681].)

The Attorney General's reliance on *People* v. *Gershon\** (Cal.App.), is misplaced. In *Gershon,* the record made it clear that "defendant had been advised of his right to a jury trial and of his right of confrontation and that he expressly waived those rights" before submitting the case on the preliminary transcript. In analogizing such submission to a plea of nolo contendere, the *Gershon* opinion—in our view—too loosely characterized a nolo plea as "no more, at the worst, than a concession that defendant has no defensive evidence not already in the record and that, guilty or not, he stands no chance of acquittal in the trial court." (*Id.*)

It appears plain to us, in view of the consequences of a plea of nolo contendere, that such plea results in a waiver of such federal constitutional safeguards as *Tahl* explains are available to a defendant under *Boykin* v. *Alabama, supra,* 395 U.S. at pp. 242-244 [23 L.Ed.2d at pp. 279-280], in the context of a guilty plea.

### III

The charge of disturbing the peace (Pen. Code, § 415), to which petitioner entered his plea of nolo contendere, was that he "did wilfully, unlawfully and maliciously disturb the peace and quiet of this complainant and other persons being then and there present by tumultuous and offensive conduct and using vulgar, profane and indecent language within the presence of women." As hereinbefore stated, the maximum lawful punishment for such a charge is "a fine not exceeding two hundred dollars," or "imprisonment in the county jail for not more than ninety days," or both. (Pen. Code, § 415.)

Regardless of petitioner's right under the *California* Constitution to have such charge tried by a jury (see, Cal. Const., art. I, § 7; *In re Fife* (1895) 110 Cal. 8 [42 P. 299]; *Ex parte Wong You Ting* (1895) 106 Cal. 296 [39 P. 627]), there is merit in the Attorney General's contention that the charge was a "petty offense" for purposes of *federal* constitutional law and, therefore, not one as to which there is a right to a trial by jury under the United States Constitution. (*Dist. of Columbia* v. *Clawans* (1937) 300 U.S. 617 [81 L.Ed. 843, 57 S.Ct. 660]; see also *Baldwin* v. *New York* (1970) 399 U.S. 66 [26 L.Ed.2d 437, 90 S.Ct. 1886]; *Duncan* v. *Louisiana* (1968) 391 U.S. 145 [20 L.Ed.2d 491, 88 S.Ct. 1444].)

*Boykin, Tahl,* and *Sutherland, supra,* all involved pleas of guilty to charges that were of a felonious nature. Accordingly, since the procedural requirements of those cases stem from the federal (rather than state) Constitution, the Attorney General correctly asserts that those cases are not authority for the proposition that persons charged under section 415 must be advised of, and waive, *trial by jury* before pleading guilty.[3]

However, in the matter before us, it is undisputed that—insofar as petitioner's privilege against compulsory self-incrimination was concerned—there was no "active participation" by the justice court judge " 'in canvassing the matter with the accused' " (*In re Tahl, supra,* 1 Cal.3d at p. 130). Indeed, the testimony of the judge unequivocally shows that he did not inform petitioner of that privilege, nor did he obtain an express *waiver* of that privilege and of the right to confrontation. Moreover, it is equally beyond dispute that the justice court record does not "contain *on its face* direct evidence that the accused was aware, or made aware, of his right to confrontation . . . and against self-incrimination," and the sentencing court's record does not show "an express waiver" of those two rights (*In re Tahl, supra,* 1 Cal.3d at p. 132) (original italics).[4] (See also *Fitch* v. *Justice Court* (1972) 24 Cal.App.3d 492, 495 [101 Cal.Rptr. 227] (dictum).)

### DISPOSITION

We hold, accordingly, that petitioner is entitled to the writ.[5] Since by granting relief we are in effect permitting him to withdraw his plea of nolo

---

[3]We recognize, of course, the necessity for advice and waiver concerning trial by jury prior to acceptance of a plea of guilty or nolo contendere entered by the defendant personally to a misdemeanor charge *not* of a "petty" nature. (Cf. *Baldwin* v. *New York, supra,* 399 U.S. 66; *Duncan* v. *Louisiana, supra,* 391 U.S. 145.)

[4]That is not to say that, in the justice court, appropriate minute or docket entries prepared for the particular case would not have sufficed. (Cf. *In re Smiley* (1967) 66 Cal.2d 606, 617 & fn. 8 [58 Cal.Rptr. 579, 427 P.2d 179].)

[5]Not faced with a situation involving bail forfeiture (e.g., on a misdemeanor traffic charge), or a case in which a defendant's misdemeanor plea of guilty or

contendere, justice requires that the *status quo ante* be restored by reviving the dismissed charges. We therefore order all three charges restored to the justice court calendar to be tried or disposed of in some appropriate manner. (See *In re Sutherland, supra,* 6 Cal.3d at p. 672.)

This disposition renders unnecessary any determination of petitioner's additional contentions that his rights were abridged by the absence of defense counsel at the probation revocation hearing; that his original attorney demonstrated incompetence by not objecting when the unlawful 180-day sentence was imposed; and that the sentencing judge's deliberate imposition of the unlawful sentence voided the judgment of conviction.

The writ of habeas corpus is granted, and the matter is remanded to the Justice Court of the Amador Judicial District for further proceedings consistent with the views expressed herein.

Richardson, P. J., and Patton, J.,* concurred.

---

nolo contendere has been entered in his absence by his attorney (see Pen. Code, § 1429), we do not address ourselves to those situations.

*Assigned by the Chairman of the Judicial Council.