[Civ. No. 11146. Fourth Dist., Div. One. Oct. 25, 1972.]

ROY BOODY COOPER, Plaintiff and Appellant, v.
THE JUSTICE COURT FOR THE EL CENTRO JUDICIAL DISTRICT
OF IMPERIAL COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

## COUNSEL

John D. Duddy for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby and Edward A. Hinz, Jr., Chief Assistant Attorneys General, William E. James, Assistant Attorney General, Derald E. Granberg, A. Wells Petersen and Michael D. Wellington, Deputy Attorneys General, for Defendant and Respondent and for Real Party in Interest and Respondent.

## OPINION

**COLOGNE, J.**—Roy Boody Cooper appeals from a judgment discharging an alternative writ of mandamus directed against the Justice Court of El Centro Judicial District, which proposed to invalidate the conviction of

the appellant of misdemeanor drunk driving (Veh. Code, § 23102, subd. (a)).

On April 23, 1969, the appellant was arrested in Imperial County for misdemeanor drunk driving. On the following day he was arraigned before Judge Hugh L. Keating in the Justice Court, El Centro Judicial District. At that time he was advised of his constitutional rights and entered a plea of not guilty to the charge.

On May 23, 1969, Judge Keating was disqualified from trying the case and subsequently the appellant, represented by a different attorney, appeared before Judge Alfred Dart for trial. At that time he withdrew his earlier plea and entered a plea of guilty.

The record does not indicate that the appellant was advised of his rights in accordance with *Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], and that he expressly waived those rights.

Appellant was sentenced to pay a fine of $300 ($100 suspended), and to serve 30 days in the county jail (totally suspended). He was placed on probation for a period of two years on the condition that his license be suspended for six months, that after that he drive only to and from work, that he not violate any traffic laws and that he not drink any alcoholic beverages. On April 1, 1971, while still on probation, appellant was once again arrested for violation of Vehicle Code section 23102, subdivision (a). A complaint was filed in the same justice court alleging this violation and further alleging the prior conviction. Based on this charge, a hearing was held to determine whether probation had been violated and should be revoked. At that time the appellant moved to set aside the prior conviction on the theory it was based on a guilty plea accepted in violation of *Boykin* v. *Alabama, supra,* 395 U.S. 238, and *In re Tahl,* 1 Cal.3d 122 [81 Cal. Rptr. 577, 460 P.2d 449]. The motion was denied.

Appellant filed a petition for writ of mandamus on July 8, 1971, asking that the justice court be compelled to set aside the prior conviction. A hearing on the petition for the writ was held on July 22, 1971, in the Superior Court of Imperial County, and the judge discharged the alternative writ of mandamus and denied the peremptory writ pursuant to findings of fact and conclusions of law which were submitted by appellant and the district attorney. Significantly, the findings of fact included a determination that the writ of mandamus was the only plain, speedy and adequate remedy available to the appellant and that the record of the respondent justice court did not comply with the provisions of *Boykin* v. *Alabama* and *In re Tahl,* in that the record failed to disclose the following: "(a) An indication that the [appellant] understood he had a right against self-incrimina-

tion; (b) A specific and personal waiver of the right of [appellant] to a jury trial; (c) A specific and personal waiver of the right of [appellant] to confront witnesses; (d) A specific and personal waiver of the right of [appellant] against self-incrimination; (e) A specific and personal indication by [appellant] of an understanding of the nature of the charges against him; and (f) A specific and personal indication by [appellant] of an understanding of the consequences of the plea of guilty to the charge." The court discharged the writ on the specific ground that *Boykin* and *Tahl* have no application in misdemeanor cases. This appeal followed.

This court denied the People's request to augment the record on appeal to include Judge Dart's *nunc pro tunc* order correcting the record to show appellant was properly informed of and intelligently waived his rights.

*Boykin* v. *Alabama, supra*, was decided on June 2, 1969, three days before appellant entered his plea of guilty in this case. *In re Tahl, supra*, was not decided until November 7, 1969, but did clarify the application of the *Boykin* decision holding it was applicable only where the guilty plea was accepted after *Boykin*. (See also *People* v. *Kirkpatrick*, 7 Cal.3d 480, 484 [102 Cal.Rptr. 744, 498 P.2d 992].) Here we have a post-*Boykin* plea, so application of the rule of *Boykin*, as amplifed by *Tahl*, is appropriate.

*Boykin* held that the voluntary and intelligent character of the waiver of constitutional rights brought about by a guilty plea will not be presumed from a silent record. *In re Tahl* enumerated those constitutional rights being waived by the defendant which the record should reveal; namely, the privilege against compulsory self-incrimination, right to confrontation by accusers and the right to a jury trial.

While *Boykin* and *Tahl* dealt with crimes of a felonious nature, they were not expressly limited to that class of offenses. On the contrary, the California Supreme Court expected application of this doctrine to misdemeanors because in the *Tahl* case, in footnote number 10 at page 135, it indicated retroactive application of *Boykin* would affect an unspecified high number of misdemeanor cases.

Respondent cites *Baldwin* v. *New York*, 399 U.S. 66 [26 L.Ed.2d 437, 90 S.Ct. 1886], as authority that the constitutional guarantees are not required in "petty offenses." That decision and others[1] seeking to define a "jury trial," as guaranteed by the United States Constitution, have drawn a distinction between the more serious offenses and those which involve

---

[1]*Williams* v. *Florida*, 399 U.S. 78 [26 L.Ed.2d 446, 90 S.Ct. 1893]; *Duncan* v. *Louisiana*, 391 U.S. 145 [20 L.Ed.2d 491, 88 S.Ct. 1444].

minimal jail sentences. That distinction has not been drawn for other rights protected by the Constitution.[2]

Conceding that this is a petty offense with minimal imprisonment as described by the court in *Baldwin,* and there is no right to a jury trial, we are still left with the waiver of the rights of confrontation and against self-incrimination which *Boykin* and *Tahl* say must appear in the record. (See *In re Gannon,* 26 Cal.App.3d 731 [103 Cal.Rptr. 224]; *Fitch* v. *Justice Court,* 24 Cal.App.3d 492, 495 [101 Cal.Rptr. 227].) We find no authority which dispenses with a required specific and personal waiver of those rights.[3]

The record in the case before us is devoid of any evidence that the defendant intelligently or voluntarily waived his *Boykin-Tahl* rights. For these reasons, the judgment of conviction based on the guilty plea cannot stand.

There is no inconsistency in the law by reason of the fact that a defendant may appear by counsel in misdemeanor proceedings (Pen. Code, §§ 977, 1429). Not all appearances involve the waiver of a constitutional right. If such a right is being waived, however, the waiver must be accomplished in the manner prescribed by law.

The People argue mandamus is not the proper remedy to attack collaterally a conviction which involved the alleged denial of constitutional rights. Historically, either an appeal or a writ of habeas corpus has been considered the appropriate method to attack a judgment of conviction. (*In re Spencer,* 63 Cal.2d 400 [46 Cal.Rptr. 753, 406 P.2d 33]; also cf. *In re Gannon, supra,* 26 Cal.App.3d 731.) Mandamus has not generally been used to correct errors of the inferior court (*Nelson* v. *Superior Court,* 77 Cal.App.2d 783 [176 P.2d 390]), but it has had a varied use to compel the performance of purely ministerial duties. Its basic purpose is to prevent a failure of justice when there is no specific remedy in the ordi-

[2]In *Argersinger* v. *Hamlin,* 407 U.S. 25, 30 [32 L.Ed.2d 530, 534-535, 92 S.Ct. 2006, 2009], the argument was raised as it applies to the guarantee of right to counsel and the court said: "The Sixth Amendment thus extended the right to counsel beyond its common-law dimensions. But there is nothing in the language of the Amendment, its history, or in the decisions of this Court, to indicate that it was intended to embody a retraction of the right in petty offenses wherein the common law previously did require that counsel be provided. [Citation.]

"We reject, therefore, the premise that since prosecutions for crimes punishable by imprisonment for less than six months may be tried without a jury, they may always be tried without a lawyer."

[3]*Argersinger* v. *Hamlin, supra,* 407 U.S. 25, provides some authority for dispensing with a specific and personal waiver where incarceration is not a real likelihood. In the instant case, however, a jail sentence was imposed though suspended on conditions of probation.

nary course of law and is largely controlled by equitable principles. (32 Cal.Jur.2d, Mandamus, § 4; 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 4, p. 3782.) In recent years, however, the courts have stated that mandamus is an appropriate remedy when a lower court has denied a constitutional right.

In *Thomas* v. *Department of Motor Vehicles,* 3 Cal.3d 335 [90 Cal. Rptr. 586, 475 P.2d 858], the California Supreme Court stated it was not proper for the superior court to direct the Department of Motor Vehicles to set aside its order suspending the petitioner's driving privilege, on the ground that a previous conviction was invalid, where there had been no prior adjudication of that fact. At pages 338-339, the court, however, made the following statement: "Since the attack upon petitioner's 1966 conviction is upon constitutional grounds, he could have sought to have the rendering court set the conviction aside at any time. If he had succeeded in his attack in the rendering court, that court would have forwarded to the department a copy of its judgment setting aside the conviction. Alternatively, instead of bringing a mandate proceeding in the superior court against the department as he [had] done, *petitioner could have petitioned the superior court for mandate against the rendering court.* If he had succeeded in his attack on his 1966 conviction in such a proceeding, the superior court would have directed the rendering court to enter a judgment setting aside the conviction, and the department would have been sent a copy of such judgment. In either event, the department's records would then have shown only one valid conviction of petitioner for drunk driving, and the department would not have made an order suspending petitioner's driving privilege, or, if previously made, would have revoked the order of suspension." (Italics added.) *Fitch* v. *Justice Court, supra,* 24 Cal.App.3d 492, is a case very similar to the instant case, and the court concluded, as we have, that *Boykin* and *Tahl* apply to misdemeanors. It cited *Thomas* v. *Department of Motor Vehicles, supra,* and stated the petition for a writ of mandate was an appropriate remedy but must be preceded by an effort to seek relief in the justice court with a motion to vacate the judgment. (See *Neal* v. *State of California,* 55 Cal.2d 11, 16 [9 Cal.Rptr. 607, 357 P.2d 839]; *Phelan* v. *Superior Court,* 35 Cal.2d 363, 372 [217 P.2d 951].)

In the case before us there was a motion to set aside (or more properly "vacate") the judgment in the justice court and it was denied. The requirements expressed in *Fitch* v. *Justice Court, supra,* 24 Cal.App.3d 492, have been met and mandamus is the proper remedy.

The only other basis for denying the use of mandamus suggested by the

People is the apparent failure to show that there was no plain, speedy and adequate remedy, in the ordinary course of law. The proposed findings. of fact signed by both parties must be viewed as a stipulation, especially when approved by the court without testimony. It would be improper for us to demand the record be filled with evidence showing a lack of a plain, speedy and adequate remedy where the parties agree that is a fact. We need not look behind the stipulation.

Whether the appellant seeks relief through mandamus or one of the other writs he must ultimately achieve the same result and it would be grossly unjust to require him to begin anew when the use of mandamus has been authorized by the California Supreme Court.

The appellant is entitled to the writ of mandamus directing the justice court to vacate the judgment of conviction and to permit appellant to withdraw his plea of guilty. That matter should be restored to the justice court calendar to be tried or disposed of in an appropriate manner.

The judgment discharging the alternative writ of mandate is reversed.

Whelan, Acting P. J., and Ault, J., concurred.

A petition for a rehearing was denied November 13, 1972, and respondents' petition for a hearing by the Supreme Court was denied December 20, 1972.