[Civ. No. 32244. First Dist., Div. Two. Dec. 10, 1973.]

RUSSELL ANDREW HARTMAN, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE NORTHERN JUDICIAL
DISTRICT OF SAN MATEO COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

John C. Herbert for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Karl S. Mayer and James M. Lee, Deputy Attorneys General, for Real Party in Interest and Respondent.

**OPINION**

**THE COURT.**—Appellant was charged with misdemeanor drunk driving in violation of section 23102 of the Vehicle Code in a complaint which also charged a prior conviction of a violation of section 23102. Appellant moved to strike the prior conviction on constitutional grounds. The municipal court denied his motion. Appellant's petition for writ of mandate in the superior court was denied. He appeals.

Even prior to the pronouncement in *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273], at least two Court of Appeal decisions had concluded that the *Boykin-Tahl* (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]) requirement of an explicit

"on the record" waiver of a defendant's constitutional rights was applicable to the acceptance of all guilty pleas—felonies and misdemeanors—whenever the defendant appeared before the court either in person or by counsel. (*Cooper* v. *Justice Court* (1972) 28 Cal.App.3d 286 [104 Cal.Rptr. 543] [hg. den.]; *In re Gannon* (1972) 26 Cal.App.3d 731 [103 Cal.Rptr. 224].) It had also been recognized that "when a defendant appears in court personally to plead to a misdemeanor offense, the practicalities of the crowded inferior courts will permit some deviation from the strict felony procedure so long as the constitutional rights of defendants are respected." (*Mills, supra,* 10 Cal.3d at p. 307; *In re Johnson* (1965) 62 Cal.2d 325, 336 [42 Cal.Rptr. 228, 398 P.2d 420].) ■ The record clearly shows that collective advice regarding their constitutional rights was given to the assembled defendants prior to the entry of their pleas. Appellant was fully advised of his constitutional rights, and he was informed that by entering a plea of guilty he waived them. By the actual entry of his plea, he expressly waived them. "The prohibitions against involuntary or unintelligent pleas should not be relaxed, but neither should an exercise in arid logic render those constitutional guarantees counterproductive and put in jeopardy the very human values they were meant to preserve." (*North Carolina* v. *Alford* (1970) 400 U.S. 25, 39 [27 L.Ed.2d 162, 172, 91 S.Ct. 160].)

Appellant also contends that his plea was invalid because he was not properly advised of the consequences of his plea. To advise appellant of the penalties for a second conviction of section 23102 of the Vehicle Code would have been premature. This was his first offense, and the increased penalties would be imposed only if he were charged and convicted of a second offense of violating section 23102 within seven years. (Veh. Code, § 13352; see *Gonzalez* v. *Municipal Court* (1973) 32 Cal.App.3d 706, 711-712 [108 Cal.Rptr. 612] [hg. den.].) It is unnecessary for us to decide in this case whether or not, prior to a court's acceptance of a plea of guilty to a second or subsequent violation of section 23102 of the Vehicle Code, a defendant must be advised of the sanctions to be imposed by the Department of Motor Vehicles as a direct result of such second or subsequent conviction.

The record shows that appellant was aware of the possible criminal penalties for a first conviction of section 23102 of the Vehicle Code when he entered his plea. Accordingly, appellant's first conviction was constitutionally valid and can be charged as a prior. The court properly denied appellant's petition.

Judgment affirmed.

On January 9, 1974, the opinion was modified to read as printed above.