Opinion
SAETA, J.
Defendant was charged in a two-count complaint with violating Vehicle Code sections 23102, subdivision (a), driving under the influence of intoxicating liquor, and 14601, subdivision (a), driving with a suspended or revoked license, both offenses occurring on November 3, *Supp. 11 1977. In addition, each count alleged a prior conviction of the same offense as the charged count, the prior section 23102, subdivision (a) conviction having occurred March 24, 1977, and the prior section 14601, subdivision (a) conviction having occurred February 21, 1975. After his motions to declare the prior convictions constitutionally invalid were denied, he pleaded guilty, appealed and again asserts the invalidity of the charged priors. We affirm.

The 1975 Prior Conviction

Defendant’s first challenge to the 1975 prior conviction is that his waiver of constitutional rights did not occur prior to his plea of guilty. We have been furnished with a reporter’s transcript of the proceedings on February 21, 1975.[1] It indicates that defendant’s counsel entered the plea for defendant at the commencement of the proceedings and that defendant never explicitly entered his own plea of guilty. This procedure was proper under Penal Code section 1429. See Mills v. Municipal Court *Supp. 12 (1973) 10 Cal.3d 288 at page 307 [110 Cal.Rptr. 329, 515 P.2d 273]. After counsel stated the plea, the city attorney (Mr. Eaton) engaged in a sufficient colloquy with defendant in advising him of his constitutional rights and obtaining waivers of those rights. In re Tahl (1969) 1 Cal.3d 122, 132-133 [81 Cal.Rptr. 577, 460 P.2d 449], only requires that the waivers be taken prior to the acceptance of the plea. It appears to us that the acceptance of the plea came after the court satisfied itself as to the waivers by the defendant.
Defendant next asserts that it was error for the court not to make findings that the defendant’s waivers were freely, voluntarily and intelligently made. While it is true that the court must determine that the defendant “intelligently and understandingly” waives his right to counsel under the mandate of In re Johnson (1965) 62 Cal.3d 325, 334-335 [42 Cal.Rptr. 228, 398 P.2d 420], defendant has not cited, nor has the court found, any case that extends this requirement of recorded findings to the constitutional rights of jury trial, confrontation and self-incrimination. While a careful judge may prefer to state on the record his findings in respect to a defendant’s waivers of all of his constitutional rights, the law does not require this at the present time. The reporter’s transcript sufficiently shows that the waivers were made freely and voluntarily by the defendant after the city attorney explained to the defendant his constitutional rights. (Mills v. Municipal Court (1973) 10 Cal.3d 288, 291 [110 Cal.Rptr. 329, 515 P.2d 273].)
Defendant next claims that the court erred by not advising the defendant of and obtaining a waiver of his rights to the subpoena power of the court. While there is a constitutional right to the subpoena power of the court, no California appellate case has required the trial courts to advise the defendant of such right or to obtain and record a waiver of that right before taking a guilty plea. We decline to impose such a requirement in light of the fact that the California Supreme Court has many times considered which constitutional rights must be expressly waived. (See, e.g., In re Tahl (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]; Mills v. Municipal Court (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273]; In re Mosley (1970) 1 Cal.3d 913 [83 Cal.Rptr. 809, 464 P.2d 473].)
On February 21, 1975, the defendant stood charged with two complaints. In Los Angeles Municipal Court No. V332464 he was charged with violating Vehicle Code sections 23102, subdivision (a), count I; 14601, subdivision (a), count II; 14610, subdivision (a), count III; and *Supp. 13 14610, subdivision (d), count IV. On February 21, 1975, he admitted a prior offense and pleaded guilty to count I and the other three counts were dismissed. In the second complaint, Los Angeles Municipal Court No. 982536, he was charged with three counts: Vehicle Code section 14601, subdivision (a), count I; Vehicle Code section 24008, count II; and Vehicle Code section 12951, subdivision (a), count III. Counts II and III are not involved in this appeal. It is count I, Vehicle Code section 14601, subdivision (a), to which he pleaded guilty on February 21, 1975, and that was the conviction charged as a prior offense to the second count in the present November 1977 complaint. While defendant’s argument is well taken that the admission of the prior in No. V332464 is invalid because the defendant was not advised of nor did he waive his constitutional rights before admitting that prior, such argument is not helpful on this appeal. There was no admission of any prior in case No. 982536 and that is the only matter from the proceedings on February 21, 1975, that was charged in the complaint from which defendant appeals here.
Defendant next challenges the 1975 prior conviction on the ground that he was not advised of the direct consequences of his plea. The record shows the prosecutor asked the defendant: “Has Counsel discussed with you the consequences of this guilty plea . . .?” and that defendant answered “Yes.” The record does not show that the court advised the defendant of the consequences of the plea nor of what consequences defendant’s counsel informed him. The actual consequences imposed were “Sentence is Suspended.” Thereupon the court sentenced defendant on the companion case, No. V332464, suspended execution of sentence and placed defendant on three years probation on terms that included 18 days in jail, a fine, an alcohol treatment program and surrender of his driver’s license. While it is necessary that the defendant be informed of the consequences of his plea, In re Tahl (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449], there appears to be no requirement that this advice must come from the court itself. (Id., at p. 133, fn. 6; Mills v. Municipal Court (1973) 10 Cal.3d 288, 305, fn. 15 [110 Cal.Rptr. 329, 515 P.2d 273].) There does not appear to be any requirement that the record explicitly show what the advice of consequences actually was. The explicit showing required for the rights to jury trial, confrontation and against self-incrimination is not required for the advice of consequences of plea. (In re Ronald E. (1977) 19 Cal.3d 315, 321 [137 Cal.Rptr. 781, 562 P.2d 684].) Ronald E. requires either a record of such advice or other evidence that the defendant was aware of the consequences before pleading. (Id., at p. 325.) Here the record shows that defendant admitted he was advised of the consequences of his plea and *Supp. 14 that should suffice. But even if the advice given should have been spelled out by the court or counsel (or by the defendant himself in a form such as in Mills, supra, at pp. 312-313), Ronald E. holds that a plea is invalid only if prejudice resulted from a failure to advise of the consequences of the plea. As mentioned above, on the Vehicle Code section 14601, subdivision (a) conviction in 1975, defendant was not sentenced but in effect placed on probation without any terms of probation. This resulted in a probationary term of three years without supervision except that defendant was not to violate the law. (See People v. Municipal Court (Lozano) (1956) 145 Cal.App.2d 767, 771 [303 P.2d 375].) At the same hearing, on the Vehicle Code section 23102, subdivision (a) charge defendant received a maximum probationary term of three years and his license was revoked. In fact defendant received nothing more by reason of his plea of guilty to the Vehicle Code section 14601, subdivision (a) count than he received on the Vehicle Code section 23102, subdivision (a) count. Thus it can be said that defendant was not prejudiced by his plea of guilty to the Vehicle Code section 14601, subdivision (a) charge nor can it be said that he would not have pleaded guilty had he been advised that upon his plea he would receive nothing more than what he was to receive on the companion complaint.
Lastly, defendant asserts that he should have been advised that another conviction for Vehicle Code section 14601, subdivision (a) following his 1975 conviction would result in increased consequences of jail, fine and reduced driving privileges. Such an attack has been rejected in Hartman v. Municipal Court (1973) 35 Cal.App.3d 891, 893 [111 Cal.Rptr. 126]; and Ganyo v. Municipal Court (1978) 80 Cal.App.3d 522, 527, footnote 1 [145 Cal.Rptr. 636].

The 1977 Prior Conviction

On March 24, 1977, defendant stood charged with violating Vehicle Code section 23102, subdivision (a) for driving under the influence of intoxicating liquor on November 12, 1976. The complaint alleged as a prior offense of the same section the conviction referred to above of February 21, 1975, in Los Angeles Municipal Court No. 332464. His counsel admitted the prior offense and defendant pleaded guilty to the offense occurring on November 12, 1976. In the first of his three attacks on this proceeding being used as a prior conviction to the charges on appeal, defendant asserts he was not advised on March 24, 1977, of his constitutional rights nor did he waive those rights before he admitted (by counsel) the 1975 prior offense. While the record shows that in fact he *Supp. 15 was not advised concerning his admission of the prior, such defect is immaterial here. The 1975 conviction of Vehicle Code section 23102, subdivision (a) was not charged as a prior offense in the complaint on appeal; only the 1977 conviction (stemming from the 1976 arrest) was so charged. Thus, had the 1975 conviction been stricken in March 1977, it would not have affected the. charging of the March 1977 conviction itself as a prior on the current complaint. Thus defendant suffered no prejudice.
While the transcript of the March 24, 1977, proceeding shows a full advisement of the criminal penalties available should defendant plead guilty, it does not expressly show advice of the consequences of that plea upon his driving privileges. Defendants must be informed of the direct consequences of their pleas. (In re Birch (1973) 10 Cal.3d 314 [110 Cal.Rptr. 212, 515 P.2d 12].) While, as we have noted, Ganyo v. Municipal Court, supra, and Hartman v. Municipal Court, supra, decline to extend this requirement to future consequences should another offense be committed, there appears to be no holding that license consequences inexorably resulting from the present conviction are not such direct consequences. In Ganyo, supra, the trial court not only advised the defendant of the maximum and minimum sentences but also that his driver’s license would be suspended for one year. The Court of Appeal made no comment that this was more than was required by law, only that appellant Ganyo did not contend that this advisement was insufficient. Hartman, supra, expressly declined to rule on this issue: “It is unnecessary for us to decide in this case whether or not, prior to a court’s acceptance of a plea of guilty to a second or subsequent violation of section 23102 of the Vehicle Code, a defendant must be advised of the sanctions to be imposed by the Department of Motor Vehicles as a direct result of such second or subsequent conviction.” (35 Cal.App.3d at p. 893.) As the Department of Motor Vehicles must revoke the driving privilege pursuant to Vehicle Code section 13352, subdivision (c) for a second conviction of Vehicle Code section 23102, subdivision (a) we hold that advice of this consequence is required. (See In re Birch, supra; Bunnell v. Superior Court (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086]; Cal. Misdemeanor Procedure Benchbook (1975) Pleas, p. 105.)
But the failure of the court to give such advice does not necessarily invalidate the 1977 conviction. First, defendant acknowledged that his counsel had advised him of the consequences of his plea. As seen above, in relation to the 1975 prior, this is enough. Second, the prejudice *Supp. 16 required by In re Ronald E., supra, again does not appear. On March 24, 1977, the defendant also pleaded guilty to violating a second count, Vehicle Code section 14601, subdivision (a) and admitted the prior offense of that same section (the same Feb. 21, 1975, conviction referred to in the first section of this opinion). From this record alone we can see that defendant admitted by pleas in 1975 and 1977 that he knew his driving privileges had been revoked. Having suffered through at least two revocations previously, it would be hard to say that he was unaware of the consequences on his then nonexistent driving privileges. It appears to us that defendant knew what the effects on his driving privileges would be with his guilty pleas and that his pleas would not have differed had he been expressly advised on the record by counsel or court that his driving privileges would be again revoked.
Lastly, defendant claims as to the 1977 conviction (as he also claimed as to the 1975 conviction) that the court erred in not advising him of the consequences of his plea on some future conviction. As has been seen, Ganyo, supra, and Hartman, supra, decline to extend the requirements of In re Birch, supra, to this situation. Further, the record shows that defendant’s counsel had explained to defendant the effect of his plea on any subsequent conviction.
The judgment of conviction is affirmed.
Cole, P. J., and Dowds, J., concurred.

 The pertinent portions of the transcript are as follows:
“THE COURT: Luis Salazar.
“MR. LESSNER: Yes, your Honor. The defendant is present with counsel. “THE COURT: All right. Let’s see. We discussed this matter in chambers, I believe.
“MR. EATON: Yes, your Honor.
“THE COURT: As to Count I, 23102, how does Mr. Salazar wish to plead? That’s on Case No. 332464.
“MR. LESSNER: Guilty, your Honor.
“THE COURT: Is he admitting the prior?
“MR. LESSNER: Yes, your Honor.
“THE COURT: And I believe we discovered that Counts II, III and IV are no good, so they will be dismissed.
He has another matter here, Case No. 982536, driving with a suspended or revoked license in the month of December, ’74. How does he plead to that charge?
“MR. LESSNER: Guilty, your Honor.
“THE COURT: All right. Waive reading of these complaints?
“MR. LESSNER: Yes, your Honor.
EXAMINATION
BY MR. EATON:
“Q. Mr. Salazar, by pleading guilty, you are giving up certain rights: The right to a jury trial, the right to confront and cross-examine witnesses against you and the right to remain silent. Do you understand these rights, sir?
“A. Yes.
“Q. And do you freely and voluntarily give these rights up?
“A. Yes, sir.
“Q. Has Counsel discussed with you the consequences of this guilty plea, sir, as well as the possible defenses in this case?
“A. Yes.
“Q. And do you agree to having a commissioner impose sentence at this time, sir?
“A. Yes.
“THE COURT: All right. In Case No. 982536, sentence will be suspended. I’ll just sentence him on the one case. It saves paper work.”