Opinion
DOWDS, J.
Appellant was charged with violating Vehicle Code section 23102, subdivision (a), driving under the influence of intoxicating liquor and a drug, and with having suffered a prior conviction under the same statute on June 23, 1975 (count I). He was also charged with violating Vehicle Code section 14601, driving with a suspended license, and with having suffered a prior conviction under the statute (count II). After his motion to declare the June 23, 1975, prior conviction unconstitutional was denied, appellant entered a guilty plea to count I and was sentenced. The record does not reflect any disposition as to count II.
Appellant’s sole contention on appeal is that the trial court erred in denying his motion to declare the prior June 23, 1975, conviction unconstitutional. He sets forth five alleged grounds of error: (1) appellant was not advised of nor did he waive his constitutional rights to counsel, to jury trial, to confrontation and to refrain from incriminating himself prior to entering his plea of guilty; (2) he entered his plea without being advised of or waiving his constitutional rights with respect to the prior conviction alleged in connection with the June 23, 1975, charge; (3) he was not advised of nor did he waive his right to utilize the subpoena power of the court to compel the appearance of witnesses on his behalf before entering his plea of guilty; (4) he was not advised of the legal and factual defenses available to him before entering his plea of guilty; *Supp. 17 and (5) the trial court failed to make a finding that his waiver of constitutional rights was freely, voluntarily and intelligently made.
The first three grounds were recently considered by this court in People v. Salazar (1979) 96 Cal.App.3d Supp. 8 [157 Cal.Rptr. 834] and were there rejected on a record disclosing facts similar to the instant case. We also reject them here. Appellant waived his constitutional rights before his plea was accepted. Any defect in respect of his admission of a prior conviction charged in connection with the prior offense does not affect the conviction of the offense itself. No presently declared rule of law requires that a defendant be advised of and expressly waive his right to use the subpoena power of the court before a plea of guilty may validly be taken.
The record does not support appellant’s claimed fourth ground of error. The docket recites “Deft Advised of the Elements of the Offense and the Defenses Thereto.” It is true that the reporter’s transcript with respect to this particular case does not reflect such advice, but advice of the elements of the offense and the defenses available to rebut such a charge given to a group of defendants in advance of individual arraignments seems to us to be permissible under the more expeditious practice approved as to misdemeanor proceedings in Mills v. Municipal Court (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.24'273], The docket entry is compatible with this common procedure. Defendant has not demonstrated error in this regard.
The fifth alleged ground of error was also disposed of in People v. Salázar, supra, 96 Cal.App.3d Supp. 8, at least in part, but we deem it appropriate to discuss the claim of error in more detail here. It is true that no judge sworn to uphold the Constitution should accept a defendant’s waiver of his right to counsel, jury trial, confrontation of witnesses and freedom from self-incrimination until he has satisfied himself that such waivers have been freely, voluntarily and intelligently made. In re Johnson (1965) 62 Cal.2d 325, 335 [42 Cal.Rptr. 228, 398 P.2d 420], speaking of waiver of right to counsel, holds that the judge must “determine” these facts. The docket in the instant case, after reciting that appellant was advised of and waived his right to counsel, jury trial, confrontation of witnesses and to remain silent, states: “After inquiry by Court, the Court found that such waivers were Knowingly, Intelligently and Understandingly made....” The transcript concerning the proceedings in court at the time the June 23, 1975, plea was taken does not show, however, that the judge orally ar *Supp. 18 ticulated this determination or informed the defendant that he had found that the waivers of these important constitutional rights were knowingly, intelligently and understandingly made. Appellant has not cited nor has the court found any case that says this finding or determination must be orally articulated, though we have no doubt that the careful judge will prefer to do so. We are reluctant to engrave on the tablets of the law yet another set of “magic words” in the absence of which the conviction of a defendant, perhaps manifestly guilty, must be reversed. On the other hand we cannot blindly assume that the trial judge, because he has accepted a plea of guilty, has necessarily found or determined that the defendant has knowingly, intelligently and understandingly waived his important constitutional rights.[1] In this case we need not and we do not make that blind assumption. Before accepting the defendant’s plea, the court caused a rather detailed interrogation of him to be made, which is recorded in the reporter’s transcript of the proceedings.[2] The depth of this examination, completed before the court accepted the plea, fully supports the docket entry that the court found that the waivers of constitutional rights were knowingly, intelligently and understandingly made. Under these circumstances the failure of the judge to articulate orally such an express finding does not invalidate the conviction. This is a case where actions speak as loudly as words.
*Supp. 19 The judgment is affirmed.
Cole, P. J., concurred.

We have in mind the rule of In re Smiley (1967) 66 Cal.2d 606, 617 [58 Cal.Rptr. 579, 427 P.2d 179] that the record must specifically list the constitutional rights of which the defendant was advised and that any gap in the record in this respect cannot be filled by circumstantial evidence. We deem this holding not to include a command that in every case the judge’s finding that the waivers of such rights were voluntarily and intelligently waived must be orally articulated.

“The COURT: Do you wish to talk to the Public Defender? DEFENDANT GARCIA: No. THE COURT: You are charged that on June 11, 1975 with a violation of Section 23102a of the Vehicle Code, driving under the influence of intoxicating liquor. Do you understand the charge? DEFENDANT GARCIA: Yes. THE COURT: How do you plead? DEFENDANT Garcia: Guilty. THE COURT: Further you are charged with a prior conviction for the same offense on February 24, 1975. Do you admit that prior conviction? DEFENDANT GARCIA: Yes. THE COURT: And you are on probation in that case the number being R334261, probation for three years. How do you plead to the violation of probation? DEFENDANT GARCIA: Guilty. THE COURT: Arraign the defendant. MR. EATON: Sir, do you understand that by pleading guilty that you give up certain constitutional rights? You give up the right to remain silent, your right to a jury trial, your right to confront, cross examine the witnesses against you and the right to counsel or Court appointed counsel if you cannot afford private counsel. Do you understand these constitutional rights? DEFENDANT GARCIA: Yes. MR. EATON: Do you freely and voluntarily give them up? DEFENDANT GARCIA: Yes. MR. EATON: Do you understand that the maximum penalty for this offense is $1,000 and/or one year in the County Jail with a minimum of 48 hours in jail, $250 fine and the Court will revoke and suspend your license for a period of one year? DEFENDANT GARCIA: Yes MR. EATON: Do you *Supp. 19 understand that by entering your guilty plea in this case the Court is going to find you in violation of your prior conviction and probation. DEFENDANT GARCIA: Yes. MR. EATON: Did you hear the Court advise you of the nature and consequences of your plea previously? DEFENDANT GARCIA: Yes. MR. EATON: Do you understand the nature and consequences of your plea? DEFENDANT GARCIA: Yes. MR. EATON: Did you hear the Court advise you of the terms and conditions of probation? DEFENDANT GARCIA: Yes. MR. Eaton: Do you understand the terms and conditions of probation? DEFENDANT GARCIA: Yes.”