[Civ. No. 26122.   First Dist., Div. Four.   Apr. 17, 1969.]

WILLIAM EUGENE STENBACK et al., Plaintiffs and Appellants, v. THE MUNICIPAL COURT FOR THE SAN JOSE-MILPITAS-ALVISO JUDICIAL DISTRICT OF SANTA CLARA COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Respondent.

Thomas, James & Pendleton and Douglas M. Pendleton for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Horace Wheatley, Deputy Attorneys General, for Real Party in Interest and Respondent.

CHRISTIAN, J.—William Stenback and George Layton appeal from a judgment of the Santa Clara Superior Court denying their petition for a writ of mandamus. Appellants have been separately charged with unrelated violations of Vehicle Code section 23102 (drunk driving) ; no prior convictions were alleged in either complaint, although each appellant had previously suffered a conviction for drunk driving. Each moved in the municipal court to strike his prior conviction on the ground that it depended on a guilty plea made without counsel, in violation of the United States Constitution. The motions were denied and appellants jointly petitioned the superior court for mandamus directing the municipal court to hear the motions to strike; their cases are not otherwise related. In denying their petition, the superior court upheld the municipal judge's determination that he had no jurisdiction to determine the validity of prior convictions not charged in the complaints before him. This appeal followed.

Section 23102, subdivision (a), of the Vehicle Code makes a first offense of drunk driving punishable by fine or imprisonment. A person convicted under this section for a second time within seven years is subject to a mandatory term in jail. Section 13209 of the Vehicle Code provides that the court "shall obtain" a defendant's record of prior convictions from the Department of Motor Vehicles before sentencing upon a conviction of section 23102. The statute further provides that the Department of Motor Vehicles "shall furnish" such a record to the court upon request.

In addition to any court-imposed punishment, the Department of Motor Vehicles is required to suspend or revoke driving privileges of a defendant for six months upon his first conviction of drunk driving unless the trial court recommends

to the contrary, for one year upon a second conviction of drunk driving within seven years, and for three years upon a third conviction of drunk driving within ten years (Veh. Code, § 13352). ■ The Department of Motor Vehicles may suspend or revoke a license where it has a record of the prior convictions, even though the prior convictions are not charged and are not proven in the trial court. (*Cook* v. *Bright* (1962) 208 Cal.App.2d 98 [25 Cal.Rptr. 116].) ■ However, the department may not suspend or revoke a license where the trial court has held that the prior convictions upon which suspension or revocation would be based are invalid; the department thus may not make an independent determination of the validity of the prior convictions. (*Mitchell* v. *Orr* (1969) 268 Cal.App.2d 813 [74 Cal.Rptr. 407].) ■ Appellants claim that they will be deprived of any opportunity to attack the validity of their prior convictions, unless the municipal court is directed to hear their motions to strike. Hence they contend, citing *People* v. *Ratner* (1944) 67 Cal. App.2d Supp. 902 [153 P.2d 790], and 39 Ops.Cal.Atty.Gen. 13, that the prosecutor should be required to charge in the complaint all known prior convictions of drunk driving. They further contend that a motion to strike the prior conviction before trial is the only proper means to attack the validity of that conviction (citing *People* v. *Coffey* (1967) 67 Cal.2d 204 [60 Cal.Rptr. 457, 430 P.2d 15]; *People* v. *Pineda,* (1967) 253 Cal.App.2d 443 [62 Cal.Rptr. 144], cert. den., 390 U.S. 984 [19 L.Ed.2d 1284, 88 S.Ct. 1108]).

■ The prosecutor is not generally subject to judicial supervision in determining what charges to bring and how to draft accusatory pleadings. ■ It is not necessary to hold that he acts under supervision in alleging prior convictions; under conventional procedure appellants will be able to test the priors even though they were not charged. Consistent with the court's duty under Vehicle Code section 13209 to obtain the departmental record before pronouncing judgment, a challenge to the validity of a prior conviction under section 23102 may be offered at the arraignment for judgment; the defendant must then be asked ''whether he has any legal cause to show why judgment should not be pronounced against him.'' (Pen. Code, § 1200.) ■ Although this procedure of allocution has been abolished in many states, it has been retained in California (Witkin, Cal. Criminal Procedure (1963) § 607; see Hunt, Municipal Court Judges' Handbook (1960) pp. 13-14, 33-34); the right of allocution exists in the municipal as well

as the superior courts (Pen. Code, § 690; Hunt, *op.cit. supra,* at pp. 33-34). Only if the defendant fails to show legal cause why judgment should not be pronounced at this time may the court render judgment (Pen. Code, § 1202). ■ Judgment must ordinarily be pronounced within five days of a plea, finding, or verdict of guilty in the municipal court (Pen. Code, § 1449). But such time does not commence to run, and judgment may not be pronounced after a conviction for violation of section 23102, until the trial judge obtains the defendant's record of prior convictions from the Department of Motor Vehicles (Veh. Code, § 13209). At this point the defendant's prior convictions, even if not pleaded, will be before the trial judge. In reply to the question whether defendant can show legal cause why judgment should not be pronounced he can raise the question of the prior convictions' validity. As with a motion for a new trial or a motion in arrest of judgment, the trial court may then set a hearing to determine the validity of the prior; the time for pronouncing judgment may be extended for this purpose (see Pen. Code, § 1449).

■ Appellants argue that they are entitled to a pretrial determination of the validity of their prior convictions on the strength of the language in the *Coffey* and *Pineda* cases to the effect that the courts must provide an opportunity to challenge the validity of prior convictions at the "earliest possible opportunity." (*People* v. *Coffey, supra,* 67 Cal.2d 204, 215.) However, the Supreme Court in *Coffey* stated that this principle was to apply only where the issue was "properly raised at or prior to trial" and in the "interest of efficient judicial administration." In *Coffey* and the cases following it (e.g., *People* v. *Pineda, supra,* 253 Cal.App.2d 443), prior convictions were charged in the complaint and therefore properly at issue before trial; this is not true in appellants' cases. It would also not be in the interests of judicial efficiency to require a pretrial determination of the validity of appellants' prior convictions when the statute would still require the municipal court to defer pronouncing judgment until a report has been received from the Department of Motor Vehicles.

■ There is no danger, as appellants contend, that they will be denied an opportunity to challenge the validity of priors which have not been charged. At the time of arraignment for judgment the fact-finding and guilt-determination functions of the trial court will be at an end; the court's jurisdiction will not be limited by the content of the complaint (see *Rupley* v. *Johnson* (1953) 120 Cal.App.2d 548

[261 P.2d 318]) but will include consideration of defendants' prior convictions, whether charged or not (Veh. Code, § 13209). The jurisdictional difficulty now faced by appellants in the municipal court will thus be eliminated. There will also be no need to take separate action against the Department of Motor Vehicles; if the municipal court finds the prior to be invalid before pronouncing judgment, the department may not on the basis of that prior suspend or revoke a license.

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.