Opinion
MARGOLIS, J.
Statement of Facts
In 1983, the juvenile court for the County of Los Angeles found that defendant, as a juvenile, had violated Vehicle Code section 23152, subdivision (a).
In 1987 a criminal complaint was filed against defendant in San Pedro Municipal Court, charging him with violations of Vehicle Code section 23152, subdivisions (a) and (b). Defendant’s juvenile offense was not alleged.
*Supp. 18 Thereafter, defendant moved in the municipal court to have the result of the juvenile adjudication stricken on constitutional grounds, to prevent the Department of Motor Vehicles from suspending his driving privilege, pursuant to Vehicle Code section 23165, for having been convicted of violating Vehicle Code section 23152 twice within seven years.
The trial court, however, declined to rule on defendant’s motion on the ground that it lacked jurisdiction because the prior offense was not alleged and the municipal court could not consider the offense for sentencing purposes.
Issue
On appeal, this case presents the issue whether the municipal court had jurisdiction to hear defendant’s motion which attempted to attack collaterally the result of the juvenile adjudication.
Discussion
Assuming, arguendo, that this case is properly before this court by way of an appeal rather than by writ, we find that the trial court properly declined to rule on the constitutional validity of the result of the prior adjudication which occurred when defendant was a juvenile.
First, in the case at bench defendant’s juvenile offense was not charged and, therefore, not before the municipal court. (See Veh. Code, § 41403, subd. (b).) Next, the trial court made it clear that defendant’s juvenile offense would not be considered for sentencing purposes.[1]
Further, the trial court was prohibited from considering the result of the juvenile adjudication when sentencing defendant. (Welf. & Inst. Code, § 203; see People v. Allen (1978) 77 Cal.App.3d 924, 934 [144 Cal.Rptr. 6].) In sum, defendant’s juvenile offense could have no effect on the case being prosecuted in the municipal court.
We conclude that even though the Department of Motor Vehicles was required to consider defendant’s juvenile offense in deciding whether to suspend or revoke defendant’s driver’s license (Veh. Code, § 13352, subd. (b)), the trial court in the instant case was prohibited from doing so. It therefore follows that the municipal court was not required to rule on the *Supp. 19 constitutionality of the juvenile adjudication. It also follows that the proper place for defendant to challenge the constitutional validity of the result of the juvenile adjudication was in the juvenile court that rendered it (see Pollack v. Department of Motor Vehicles (1985) 38 Cal.3d 367, 380 [211 Cal.Rptr. 748, 696 P.2d 141]), especially in light of the differences and distinctions between juvenile court proceedings and municipal court proceedings. (See In re Johnson (1964) 227 Cal.App.2d 37, 39-40 [38 Cal.Rptr. 405].)
The judgment is affirmed.
Newman, J., and Roberson, J., concurred.

 The case of Stenback v. Municipal Court (1969) 272 Cal.App.2d 27 [76 Cal.Rptr. 917] and the other cases relied upon by defendant, are distinguishable on this point. In Stenback for example, the trial court had the defendant’s adult prior convictions before it and would consider those prior convictions when imposing sentence. (Id., p. 32.)