[No. H006698. Sixth Dist. Apr. 11, 1991.]

RONALD RAUL ROMO, Plaintiff and Appellant, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and
Respondent.

COUNSEL

Michael K. Mehr for Plaintiff and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Jose R. Guerrero and Thomas P. Reilly, Deputy Attorneys General, for Defendant and Respondent.

OPINION

AGLIANO, P. J.—Ronald Raul Romo (appellant) appeals from a judgment of the Superior Court of Santa Cruz County denying his petition for a writ of mandate seeking to prevent the California Department of Motor Vehicles (DMV or respondent) from suspending his California driver's license based on three convictions for drunk driving within seven years. (Veh. Code, §§ 13352, subd. (a)(5), 23170.)[1] The petition challenged the suspension on the ground that the first conviction, rendered in the State of

---

[1] All further statutory references are to the Vehicle Code, unless otherwise indicated.

Virginia in 1982, was unconstitutional. The trial court found appellant had failed to prove the Virginia judgment was not constitutionally valid and denied the writ. We affirm the judgment.

On March 14, 1989, respondent notified appellant that it was revoking his driver's license for three years, effective February 3, 1989, pursuant to section 13352, subdivision (a)(5). The revocation was based on appellant's three convictions for driving under the influence of alcohol, within seven years. The convictions were rendered on December 22, 1982 (State of Virginia), December 28, 1984 (County of Santa Cruz, California), and February 3, 1989 (County of Santa Cruz, California).

Appellant filed a petition for writ of mandate in the superior court of Santa Cruz County on March 29, 1989, to compel the DMV to set aside its order revoking his license and to reinstate his driving privilege. Appellant acknowledged the validity of the California convictions, but claimed the 1982 Virginia conviction was constitutionally defective because he was not advised of his rights before he pled guilty to the charge. (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].) Revocation of appellant's license was stayed pending hearing on the petition.

Respondent opposed the petition, arguing that mandamus will not lie against it for the purpose of challenging the validity of prior convictions because it is not required or empowered to make judicial determinations about such, and, alternatively, that appellant had failed to demonstrate that his constitutional rights had been violated by the Virginia court.

After hearing argument and considering documents received in evidence, the trial court denied the writ. The court noted, in part: "Regardless of whether or not it is appropriate to allow petitioner to attack his Virginia conviction in this proceeding, it is clear that petitioner has failed to carry his burden that there has been an actual denial of his constitutional rights by the Virginia Court."

The revocation of appellant's license was reinstated, effective October 30, 1989. Appellant filed a notice of appeal from the trial court's judgment. He contends that a mandate proceeding against the DMV is appropriate to challenge the constitutionality of an out-of-state conviction which has never been alleged in a California court as a prior conviction, and, further, that he did sustain his burden of proving the Virginia conviction invalid.

## WRIT OF MANDAMUS

Generally, a writ of mandate may be issued to compel a respondent to perform a legally mandated duty or to compel admission of a petitioner to

the use and enjoyment of a right to which he or she is entitled and from which he or she is unlawfully precluded by the respondent. (Code Civ. Proc., § 1085.) ■ The writ will not issue when the petitioner fails to show that the respondent has the present ability or legal authority to perform the alleged duty. (See 8 Witkin, Cal. Procedure (3d. ed 1985) Extraordinary Writs, § 72, p. 711.)

In *Thomas* v. *Department of Motor Vehicles* (1970) 3 Cal.3d 335 [90 Cal.Rptr. 586, 475 P.2d 858], the Supreme Court determined that a petition for writ of mandate directed against the DMV may not be used to challenge the constitutionality of a prior drunk driving conviction. There, the DMV had issued an order suspending petitioner's driving privilege for one year based upon his having been twice convicted of drunk driving within seven years. The licensee filed a petition for writ of mandate in the superior court to compel the DMV to set aside its order of suspension on the ground that one of the convictions upon which it was based was void because he had been deprived of his constitutional right to counsel. The superior court found the conviction was unconstitutional and granted the petition, ordering that a peremptory writ of mandate issue directing the department to vacate and set aside its order of suspension. The DMV appealed.

The Supreme Court found that it was improper, in a mandate proceeding against the DMV, for the superior court to direct the DMV to set aside its order suspending the petitioner's driving privilege, on the ground that the first conviction was unconstitutional, when there had been no prior adjudication of its invalidity.

The court noted that a defendant is entitled to collaterally attack a prior conviction, on constitutional grounds, in subsequent criminal proceedings when the earlier conviction could serve as a basis to increase sanctions against the defendant. Additionally, the court noted that a defendant could collaterally attack a prior conviction upon constitutional grounds at any time in the rendering court, or could petition the superior court for mandate against the rendering court. Once an attack was successfully made on a prior conviction, the DMV would be sent a copy of the judgment and its records would be modified to reflect it. Mandamus could lie to compel the DMV to update its records and reinstate driving priveleges if, after a determination of unconstitutionality in another court, the DMV relied on the defective conviction to suspend a license. (*Thomas* v. *Department of Motor Vehicles, supra,* 3 Cal.3d at pp. 338-339.)

With respect to mandamus against the DMV, however, the court stated: "The department, having received abstracts of judgments showing two convictions of petitioner for drunk driving within a seven-year period, was

required to suspend his driving privilege. [Citation.] It is no part of the department's duty to pass on the validity of those judgments. [¶] The present proceeding is simply a petition to review the department's administrative act in performing a mandatory function, and it is not a proceeding in which additional sanctions may be imposed against petitioner by reason of his [earlier] conviction. Accordingly, no basis exists for permitting a collateral attack on the [earlier] judgment of conviction in this mandate proceeding against the department; and, there having been no previous adjudication that petitioner's [earlier] conviction was invalid, the superior court improperly granted the writ. [Citations.]" (*Thomas* v. *Department of Motor Vehicles, supra*, 3 Cal.3d 335, 338.)

The Court of Appeal in *Cook* v. *Department of Motor Vehicles* (1973) 33 Cal.App.3d 265 [109 Cal.Rptr. 104], confronted the same issue except that in *Cook*, the prior drunk driving convictions which triggered revocation of the appellant's license occurred out of state, one in Florida and one in Arizona. Cook filed a petition for writ of mandate in the superior court to compel the DMV to annul its revocation order, alleging that both out of state convictions were constitutionally invalid. The superior court dismissed the petition, pursuant to the *Thomas* holding. On appeal from the dismissal, Cook argued that he was entitled, as a matter of fundamental due process, to pursue administrative mandamus under the circumstances of his case, because otherwise he would have no forum in which to challenge the validity of the prior convictions.

In rejecting this argument, the Court of Appeal stated: "*Thomas* held that upon receipt of abstracts of judgments showing two drunk driving convictions within a seven-year period, the department pursuant to Vehicle Code, section 13352, subdivision (c) is required to suspend the driving privilege and it is not a part of the department's duty to pass on the validity of the judgments. It further held that mandate does not lie against the department for the purpose of determining the validity of prior convictions as that agency is not empowered to make such a judicial determination. (*Thomas* v. *Department of Motor Vehicles, supra*, 3 Cal.3d 335, 338; *Fitch* v. *Justice Court*, 24 Cal.App.3d 492, 495 . . . .) [¶] *Thomas* observed that petitioner could have sought to have the rendering court set the conviction aside at any time upon the grounds that it was constitutionally invalid. In the alternative, petitioner could have petitioned the superior court for mandate against the rendering court and could have challenged the first judgment in the second proceeding. [¶] . . . The fact that petitioner's convictions are out-of-state does not obviate the *Thomas* holding. [Citation.]" (*Cook* v. *Department of Motor Vehicles, supra*, 33 Cal.App.3d at p. 267.)

Addressing Cook's due process argument, the court stated: "What petitioner fails to comprehend is that access to the courts in order to resolve the

problem with the prior drunk driving convictions is not denied to him. He has full access to the Arizona and Florida courts to determine the issue of the constitutionality of the judgments entered in those courts either by an action in the rendering courts to have the convictions set aside on the ground that they are constitutionally invalid or, in the alternative, by petitioning the proper court of general jurisdiction for appropriate relief against the rendering court. The fact of conviction in another state does not vest the Department of Motor Vehicles with jurisdiction to test the validity of conviction in those other states." (33 Cal.App.3d at p. 268.)

An exception to the rule set forth in Thomas—that a prior conviction for drunk driving cannot be challenged by way of a writ of mandate brought against the DMV—was made in the case of *Axness* v. *Superior Court* (1988) 206 Cal.App.3d 1489 [255 Cal.Rptr. 896]. In *Axness*, petitioner, who had suffered two convictions within five years, sought a writ of mandate to prevent the DMV from suspending his license on the ground that his latest conviction, which occurred in Minnesota, was unconstitutional. Petitioner alleged that he had applied for relief in the rendering court in Minnesota but his motion to vacate the conviction had been denied. The California trial court denied the petition for writ of mandate.

The Court of Appeal reversed. It found that under the circumstances of the case, the appellant was entitled to challenge the constitutionality of the Minnesota conviction by writ of mandate against the DMV. The court reasoned as follows. Because the sanctions which may be imposed upon a person convicted of drunk driving are increased if he or she has a prior conviction of the same offense within a specified period of time, a collateral attack may be made on any such prior conviction on constitutional grounds. (*Hasson* v. *Cozens* (1970) 1 Cal.3d 576, 579 [83 Cal.Rptr. 161, 463 P.2d 385].) The licensee should have an opportunity for a hearing on the matter in a California court. (*People* v. *Coffey* (1967) 67 Cal.2d 204, 214-215 [60 Cal.Rptr. 457, 430 P.2d 15].) In situations where all the relevant convictions occur in California, or where a subsequent conviction occurs in California, the licensee has the opportunity to challenge the earlier conviction in the subsequent case. (*Pollack* v. *Department of Motor Vehicles* (1985) 38 Cal.3d 367 [211 Cal.Rptr. 748, 696 P.2d 141].) Because petitioner suffered his latest conviction for drunk driving in Minnesota, he never had an opportunity to challenge its constitutional validity in a California court. Therefore, he should be allowed to pursue the writ.

In reaching this decision, the *Axness* court was careful to limit its holding: "We hold *only* that mandamus is available to challenge the constitutionality of an out-of-state conviction if the conviction will result in the

suspension of a California driver's license, and the driver is otherwise without a forum in California in which to raise such a challenge *because his latest conviction occurred in another jurisdiction.*" (*Axness v. Superior Court, supra,* 206 Cal.App.3d at p. 1496, italics added.)

■ Based upon these authorities, we here conclude that appellant is precluded from challenging the constitutionality of his 1982 conviction by way of administrative mandamus against the DMV. He had the opportunity to challenge the Virginia conviction in both the subsequent 1984 and 1989 California proceedings.[2] The fact that the prior conviction was not charged is of no consequence. The law does not require that prior offenses be pled and proven as a prerequisite to operation of mandatory license revocation in these cases. (*Pollack v. Department of Motor Vehicles, supra,* 38 Cal.3d at pp. 380-381.) The law does require, however, that the defendant be informed in subsequent driving under the influence cases that his license will be suspended or revoked if the DMV records reflect prior convictions. (*Ibid.*) Appellant was so notified in this case. Moreover, appellant knew that the DMV records reflected his 1982 Virginia conviction, as the DMV had relied upon it twice in the past for other license suspensions. Finally, appellant is, and always has been, entitled to challenge the conviction in the rendering court system.

The issue presented by this case is not whether a defendant may challenge the constitutional validity of a prior out-of-state drunk driving conviction; clearly he or she may. The issue is how, procedurally, such a challenge can be made. Holding that mandamus against the DMV is not an appropriate way to proceed does not preclude a challenge. It simply reaffirms the basic principle that a writ will not issue against a respondent who does not have the legal authority to perform the requested act.

Because we have concluded appellant was not authorized to proceed with administrative mandamus in this instance, we need not consider his second contention on appeal concerning the sufficiency of the evidence to support the court's judgment.

---

[2] Several methods of challenging the validity of prior uncharged drunk driving convictions have been suggested by various courts. A defendant may make such a challenge at the time judgment is to be pronounced in the subsequent conviction. (*Stenback v. Municipal Court* (1969) 272 Cal.App.2d 27, 30-32 [76 Cal.Rptr. 917]; but see discussion in *Municipal Court v. Superior Court* (1988) 199 Cal.App.3d 19, 26-29 [244 Cal.Rptr. 591] regarding potential self-incrimination issues with this method, under circumstances not present in the instant case.) A defendant may also challenge the prior conviction by seeking a writ of mandate directly against the municipal court to nullify the conviction. (*Williams v. Department of Motor Vehicles* (1969) 2 Cal.App.3d 949 [83 Cal.Rptr. 76].) Declaratory relief may also be available to a defendant. (See generally 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 800 et seq.; but see *Axness, supra,* 206 Cal.App.3d 1489, 1496, fn. 6.)

The judgment is affirmed.

Premo, J., and Cottle, J., concurred.