[No. A070266. First Dist., Div. Three. July 5, 1996.]

ROSEMARIE McCARTHY CORRIGAN, Plaintiff and Appellant, v. FRANK S. ZOLIN, as Director, etc., Defendant and Respondent.

232

**Counsel**

Ronald Dinan and Victor S. Amstadter for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Martin H. Milas, Assistant Attorney General, Robert R. Buell and David M. Tiede, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**PARRILLI, J.**—Appellant Rosemarie McCarthy Corrigan's driver's license was suspended after she was arrested for driving under the influence of alcohol. She requested an administrative hearing before the Department of Motor Vehicles (the Department), and the hearing officer upheld the suspension. Appellant challenged the hearing officer's decision by filing a petition in superior court for a writ of mandate, which was denied. On appeal, she argues (1) there was no corpus delicti for driving under the influence; (2) there was not reasonable cause to arrest her under Vehicle Code sections 40300.5 and 40300.6;[1] and (3) the Department did not meet its burden of proving her blood-alcohol level was .08 percent or higher when she was driving. None of these contentions has merit. We affirm the denial of appellant's writ petition.

### FACTS

On the evening of November 3, 1994, appellant was driving to her home in Kenwood from a real estate broker's open house. She admitted drinking several glasses of wine at the open house. As she turned onto the street where she lived, a neighbor's cat ran in front of her Jaguar. Appellant swerved and ran into a fire hydrant, causing extensive damage to the car. Appellant estimated the accident occurred at 9 p.m. She was very upset and walked home, which was about six houses away from the accident. She was unable to reach her husband by telephone, but some friends, the Harrymans, called her and volunteered to come over. When the Harrymans arrived, they went to the scene of the accident with appellant. Firefighters arrived and informed them the highway patrol would be delayed because it was time for a shift change.[2] The Jaguar was moved off the road, and appellant returned to her home with the Harrymans.

California Highway Patrol Officer Steven Potter testified at the administrative hearing that he and his partner were in the Santa Rosa area at 10 p.m., when they received a report of appellant's accident. They were delayed by two other incidents before they arrived at the scene. They obtained appellant's address by checking the Jaguar's registration and went to her house a little after 11 p.m. Margaret Harryman told Officer Potter she had been driving the Jaguar, and appellant identified herself as the owner of the car. Potter asked to speak with Margaret Harryman alone and became suspicious when she could not describe how the accident happened. As Potter was warning her about giving false information to a police officer, appellant,

---

[1]Further statutory references are to the Vehicle Code.
[2]The record does not indicate who notified the highway patrol of the accident.

who could hear what he was saying from another room, came in and admitted she was the driver. Appellant smelled of alcohol, her eyes were bloodshot and watery, and she was unsteady on her feet. Potter gave her some balance tests and conducted a breath test with a preliminary alcohol screening device. He concluded appellant was under the influence and placed her under arrest. At the Sonoma County jail, appellant took a breath test showing her blood-alcohol level was .15 percent at 11:54 p.m.

Potter testified appellant told him she had nothing to drink after the accident, and he noted this in his investigation report. Appellant testified Potter did not ask if she had been drinking after the accident, nor did she tell him. She claimed she began drinking more wine as soon as she got home after the accident, and continued drinking before and after she went back to her car with the Harrymans.

## DISCUSSION

The trial court's task was to use its independent judgment in determining whether the weight of the evidence supported the hearing officer's decision. We review the record to determine whether the trial court's findings are supported by substantial evidence. We draw all legitimate and reasonable inferences in support of the trial court's decision, and may overturn its findings only if the evidence was insufficient as a matter of law to sustain them. (*Gananian v. Zolin* (1995) 33 Cal.App.4th 634, 638 [39 Cal.Rptr.2d 384].) However, we review questions of law independently. (*Campbell v. Zolin* (1995) 33 Cal.App.4th 489, 493 [39 Cal.Rptr.2d 348].)

### 1. *The Corpus Delicti Requirement Does Not Apply*

The corpus delicti, i.e., the body or elements of the crime, must be established in a criminal proceeding by proof other than the defendant's extrajudicial admissions. (*People v. Jennings* (1991) 53 Cal.3d 334, 364 [279 Cal.Rptr. 780, 807 P.2d 1009]; 1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Elements of Crime, §§ 136-137, pp. 152-153.) Appellant acknowledges the case law holding the corpus delicti requirement does not apply in civil administrative proceedings. (*Shakin v. Board of Medical Examiners* (1967) 254 Cal.App.2d 102, 110 [62 Cal.Rptr. 274, 23 A.L.R.3d 1398] [hearing on revocation of physician's license]; *Hansen v. Civil Service Board* (1957) 147 Cal.App.2d 732, 738 [305 P.2d 1012] [hearing on dismissal of fireman].) Nevertheless, she makes a perfunctory argument that "the rule is applicable where the issues concern whether or not a crime was committed,"

and contends it should be applied when a driver is arrested for driving under the influence after an accident which the arresting officer did not observe.[3]

It is well settled administrative driver's license revocation proceedings are civil in nature and involve no criminal sanctions. (*Larsen* v. *Department of Motor Vehicles* (1995) 12 Cal.4th 278, 286, fn. 6 [48 Cal.Rptr.2d 151, 906 P.2d 1306]; *Morris* v. *Department of Motor Vehicles* (1991) 231 Cal.App.3d 151, 160 [282 Cal.Rptr. 130]; *Mackler* v. *Alexis* (1982) 130 Cal.App.3d 44, 51 [181 Cal.Rptr. 613].) The Department is not required to establish the corpus delicti, and appellant's admissions were properly considered by the hearing officer.

## 2. *There Was Reasonable Cause to Arrest Appellant*

Section 40300.5 provides in relevant part: "Notwithstanding any other provision of law, a peace officer may, without a warrant, arrest a person who is (1) involved in a traffic accident . . . when the officer has reasonable cause to believe that the person had been driving while under the influence of an alcoholic beverage . . . ." Section 40300.6 states: "Section 40300.5 shall be liberally interpreted to further safe roads and the control of driving while under the influence of an alcoholic beverage or any drug in order to permit arrests to be made pursuant to that section within a reasonable time and distance away from the scene of a traffic accident."

No published case has considered the "reasonable time and distance" terms of section 40300.6 in a factual context, or discussed whether there was "reasonable cause" under section 40300.5 to arrest a driver in circumstances like those presented here, where appellant was arrested at her home over two hours after the accident occurred. Any determination regarding reasonable time and distance necessarily depends on the particular factual circumstances of the case. Substantial evidence supports the trial court's finding the statutory time and distance requirements were met here. Appellant's home was a relatively short distance from the scene of the accident. The accident happened in a rather remote area, involved no injuries or other vehicles, and the responding officers were delayed by other incidents. Appellant admitted driving when questioned by Officer Potter, after some obfuscation. She showed the usual signs of alcoholic intoxication, and told him she had not been drinking since the accident. We cannot say appellant's arrest, two hours and fifteen minutes after the accident and in the neighborhood where it occurred, was unreasonable as a matter of law.

---

[3]At oral argument, appellant attempted to shift her argument from corpus delicti grounds to contend there was insufficient evidence she was driving. This argument was not briefed, and in any event, is not supported by the record.

### 3. *The Department Met Its Burden of Proving an Illegal Blood-alcohol Level*

■ When a chemical test shows a driver has a blood-alcohol level of .08 percent or more within three hours of driving, section 23152, subdivision (b) establishes a rebuttable presumption that the driver also exceeded the permissible blood-alcohol level when driving. This presumption applies in administrative license suspension proceedings. (*Jackson* v. *Department of Motor Vehicles* (1994) 22 Cal.App.4th 730, 740, fn. 9 [27 Cal.Rptr.2d 712]; *Bell* v. *Department of Motor Vehicles* (1992) 11 Cal.App.4th 304, 310-313 [13 Cal.Rptr.2d 830].) Here, appellant was tested barely within the three-hour period following the accident, accepting her testimony on the time of the accident. She contends the presumption established by section 23152 was rebutted by her testimony that she drank after the accident occurred. The trial court found this testimony insufficient to rebut the presumption, "particularly because of credibility problems." Again, substantial evidence supports the trial court's finding. Officer Potter testified appellant told him she had not been drinking after the accident; the statement was recorded in his contemporaneous investigation report. Appellant, while denying this statement was made, did not testify she told Officer Potter she had been drinking after the accident, either when she was arrested or when she was tested. The fact she first made this claim in the administrative hearing weakens it considerably.[4]

### DISPOSITION

The judgment is affirmed. The Department shall recover its costs on appeal.

Corrigan, Acting P. J., and McGuiness, J.,* concurred.

---

[4]Appellant's arguments based on the rate at which blood-alcohol levels increase and decrease are not supported by any evidence in the record.

*Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.